IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-173-BO

| | |
|---|---|
| OPHELIA WASHINGTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HARTFORD LIFE AND ACCIDENT )<br>INSURANCE COMPANY, )<br>)<br>Defendant. ) | O R D E R |

This matter is before the Court on plaintiff's motion to enforce settlement. [DE 82]. Defendant has filed a motion for summary judgment [DE 84] which is not ripe for adjudication; also pending are plaintiff's motion for extension of time to file separate dispositive motion and motion for extension of time to file response to defendant's summary judgment motion. [DE 83 & 89]. For the reasons discussed below, plaintiff's motion to enforce settlement is granted and the remaining motions are denied as moot.

## BACKGROUND

Plaintiff filed this action in the United States District Court for the Western District of Kentucky on May 16, 2015, alleging claims for monetary and equitable relief under the Employment Retirement Income Security Act of 1974 (ERISA). 29 U.S.C. § 1132. The case was transferred to this Court by memorandum opinion and order entered April 13, 2016. A scheduling order was entered, plaintiff filed an amended complaint, and the dispositive motion filing deadline was extended several times. Plaintiff now represents that she has accepted defendant's offer of settlement, more specifically its offer of payment in exchange for dismissal of plaintiff's case and

claim. Plaintiff contends the settlement agreement is enforceable, and defendant's post-settlement demands do not alter the terms of the settlement agreement.

DISCUSSION

"[D]istrict courts have inherent authority, deriving from their equity power, to enforce settlement agreements." *Hensley v. Alcon Labs., Inc.*, 277 F.3d 535, 540 (4th Cir. 2002). In order to exercise this authority, a court must find that the parties reached a complete agreement and must be able to determine the terms and conditions. *Id.* at 541. "If there is a factual dispute over the existence of an agreement, over the authority of attorneys to enter into the agreement, or over the agreement's terms, the district court may not enforce a settlement agreement *summarily*" and instead must conduct a plenary evidentiary hearing to resolve the dispute. *Id.* Standard contract principles apply when a court considers whether to enforce a settlement. *Bradley v. Am. Household Inc.*, 378 F.3d 373, 380 (4th Cir. 2004).

Where a federal statutory scheme provides the basis for the court's jurisdiction over a matter, its jurisdiction over the settlement dispute is derivative of the original action and principles of federal common law govern the enforcement of a settlement agreement. *Gamewell Mfg., Inc. v. HVAC Supply, Inc.*, 715 F.2d 112, 115-16 (4th Cir. 1983); *see also Ford v. Food Lion, LLC*, No. 3:11-CV-625-RJC-DCK, 2013 WL 1320416, at *1 (W.D.N.C. Mar. 29, 2013); *but see Akers v. Minnesota Life Ins. Co.*, 35 F. Supp. 3d 772, 782 (S.D.W. Va. 2014) (noting that *Gamewell* has been cast into doubt and that the Fourth Circuit has not further elaborated on whether federal common law or state law applies in this context). The court of appeals has also found that the state's common law may be considered, and as both parties have relied on North Carolina law in their arguments, the Court will apply North Carolina law to the extent it is not inconsistent with the federal common law. *See Swift v. Frontier Airlines, Inc.*, 636 Fed. App'x 153, 155 n.* (4th

2

Cir. 2016) (noting that even if question of law governing enforcement of settlement agreements is undecided, state common law may be considered); *see also Melvin v. Principi*, No. 5:03-CV-968-FL(3), 2004 WL 3769429, at *6 (E.D.N.C. Dec. 2, 2004), *aff'd,* 141 Fed. App'x 194 (4th Cir. 2005).

In North Carolina, and generally, a contract requires assent, mutuality, and definite terms. *Schlieper v. Johnson*, 195 N.C. App. 257, 265 (2009).

> The offer must be communicated, must be complete, and must be accepted in its exact terms. Mutuality of agreement is indispensable; the parties must assent to the same thing in the same sense, idea re et sensu, and their minds must meet as to all the terms.

*Dodds v. St. Louis Union Trust Co.*, 205 N.C. 153, 170 S.E. 652, 653 (1933) (citations omitted). Proposals to open negotiations which may or may not result in a contract, though accepted, are not binding. *Yeager v. Dobbins*, 252 N.C. 824, 828 (1960) (citing 12 Am. Jur., Contracts, sec. 28, p. 526).

Plaintiff contends that defendant by email made an offer of settlement on February 16, 2017, which stated: "Please let us know if Ms. Washington will accept $120,000 to settle this case and Ms. Washington's claim." [DE 82-2]. Plaintiff further contends that she accepted defendant's offer that same day in an email which stated: "Ms. Washington accepts Hartford's offer to settle this case and her claim for $120,000." [DE 82-3]. Plaintiff argues that the foregoing offer and unconditional acceptance represent a valid and enforceable settlement agreement. Plaintiff further contends that five days after she accepted defendant's offer, defendant demanded that she also accept and sign a five-page release which contained material terms to defendant's benefit prior to defendant remitting its agreed consideration, $120,000. Plaintiff refused to agree to the release provided by defendant as she argues that it contains material terms which were not negotiated. Defendant contends that the settlement negotiations in this case were numerous and involved and

3

that the 16 February 2017 email did not represent the entirety of negotiations nor a complete agreement.

The terms as recited in defendant's 17 February 2017 offer are definite, as is plaintiff's acceptance of those terms. There has been no argument on behalf of defendant that it did not intend to offer the terms as reflected in the email, only that it now states that it intended for there to be additional terms reflected in the offer. Although in support of this argument defendant has proffered an email offer to plaintiff from December 2016 which included language regarding a release in addition to a monetary offer in exchange for plaintiff dismissing her claims, the language of the February 2017 offer reflects that "the parties here did not condition their settlement on the negotiation of a specific release provision," *Campbell v. Adkisson, Sherbert & Assocs.*, 546 Fed. App'x 146, 154 (4th Cir. 2013), and the Court need not consider terms discussed months prior to February 2017. *See Rowe v. Rowe*, 305 N.C. 177, 185 (1982) (evidence of prior negotiations generally not admissible to contradict written contract); *see also Crockett v. First Fed. Sav. & Loan Ass'n of Charlotte*, 289 N.C. 620, 631 (1976) ("Where the terms of the contract are not ambiguous, the express language of the contract controls in determining its meaning and not what either party thought the agreement to be.").

Defendant further argues that the Court cannot enforce the settlement agreement because its terms are not sufficiently definite. On the contrary, the terms of the agreement are quite plain: defendant offered to pay plaintiff $120,000 to settle this case and her claim. By accepting this offer, plaintiff is entitled to $120,000 and her case and claim against defendant will be dismissed. Such dismissal will operate as having preclusive effect on any claims, raised or not raised here, or case arising out of these facts which plaintiff may at a later date wish to bring. *See Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 211 (4th Cir. 2009) (settlement agreements

4

operate on contract principles and have preclusive effect); *see also Bala v. Com. of Virginia Dep't of Conservation & Recreation*, 614 Fed. App'x 636, 640 (4th Cir.) (party "cannot obtain through litigation what he voluntarily relinquished in the Settlement Agreement for good consideration.").

## CONCLUSION

As the 17 February 2017 offer and acceptance represents a complete agreement with definite terms, and no substantive collateral issues are left outstanding, the motion to enforce settlement [DE 82] is GRANTED. All other pending motions [DE 83, 84, 89] are DENIED AS MOOT. Defendant shall remit to plaintiff $120,000 within seven days of the date of entry of this order. Upon remittance the parties shall execute and file a stipulation of dismissal of this action with prejudice and the clerk will close this case.

SO ORDERED, this 6 day of July, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5